IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,**<br>  Sulaibiya Main Building<br>  Beside Land Customs Clearing Area<br>  State of Kuwait<br><br>v.<br><br>**DEFENSE SUPPLY CENTER PHILADELPHIA**<br>  700 Robbins Avenue<br>  Philadelphia, PA  19111,<br><br>**THE DEFENSE LOGISTICS AGENCY**<br>  8725 John J. Kingman Road<br>  STE 1644<br>  Fort Belvoir, VA 22060-6221, **and**<br><br>**THE DEPARTMENT OF DEFENSE**<br>  1600 Defense Pentagon<br>  Washington, DC 20301-1600. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>Original Complaint<br><br>Date Received: _____<br><br><br>_____<br>United States District Court |

**COMPLAINT FOR INJUNCTIVE RELIEF**

For its Complaint against Defense Supply Center Philadelphia ("DSCP"), the Defense Logistics Agency ("DLA"), and the U.S. Department of Defense ("DoD") (collectively, "Defendants"), Public Warehousing Company K.S.C. ("PWC" or "Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive relief and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by DSCP.

## PARTIES

2. PWC is a Kuwaiti corporation with U.S. subsidiaries. Its principal place of business is in Sulaibiya, Kuwait.

3. DSCP is a branch of the Defense Logistics Agency ("DLA"), which is a division of the U.S. Department of Defense. DSCP is primarily responsible for purchasing subsistence, textile products and medical items for the DoD. DSCP contracted with PWC as a Subsistence Prime Vendor.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Defendant DLA is an independent administrative agency of the government of the United States, and it is an agency within the meaning of 5 U.S.C. § 552(e).

5. This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FOIA REQUEST AND DEFENDANTS' IMPROPER DENIAL

7. By e-mail to defendant dated February 12, 2007, Plaintiff submitted to DSCP a Freedom of Information Act ("FOIA") request for copies of the Price Negotiation Memoranda ("PNM") for contracts SP0300-03-D-3061 ('Prime Vendor 1"), SPM300-05-D-3119 ("Prime Vendor Bridge"), and SPM300-05-D-3128 ("Prime Vendor 2"). Pursuant to the Federal Acquisition Regulation ("FAR") 15.406-3, PNMs are required to be prepared by government

source selection officials at or about the time of a contract award, to document and memorialize the basis for making the contract award to a given contractor. With respect to Prime Vendor 1, the PNM would have been prepared sometime around June 2003. For Prime Vendor Bridge and Prime Vendor 2, the PNMs would have been prepared in February 2005 and June 2005, respectively.

8. By letter dated April 9, 2007, DSCP denied Plaintiff's FOIA request. Specifically, DSCP asserted that the records requested were not releasable because "this information is exempt from public disclosure pursuant to Exemption (7)(A), which authorizes the withholding of 'records or information compiled for law enforcement purposes to the extent that the production of such law enforcement records for information (a) could reasonably be expected to interfere with enforcement proceedings.'" DSCP's denial was far beyond the 20-day statutory period for replying to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

9. While the Department of Justice is presently conducting an investigation that, on information and belief, was initiated sometime in 2006, the memoranda for these contracts were created many years ago, before the investigation began. Further, these memoranda do not include any information about potential witnesses, evidence, strategy, or the direction of the Department of Justice investigation. As such, it is impossible to comprehend how the release of such documentation could interfere in any way with any potential proceedings. Finally, DSCP does not carry out a law enforcement function – even in part – and, therefore, DSCP has no basis on which to claim this law enforcement exemption.

10. In an effort to exhaust its administrative remedies, Plaintiff appealed DSCP's decision by letter dated May 3, 2007. By letter dated July 20, 2007, DLA denied PWC's appeal on the basis of two FOIA exemptions: (1) Exemption 7(A), as discussed above; and (2)

Exemption 4, which exempts from public disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

11. Defendants' denial of PWC's FOIA request was improper because (1) DSCP and DLA do not constitute agencies with law enforcement functions, and (2) Defendants cannot claim a confidentiality exemption where PWC supplied the allegedly confidential information in the first place. Any truly confidential information supplied by other contractors could easily be redacted.

12. To date, Defendants have not provided the records requested by FOIA in its FOIA request.

13. Defendants have wrongfully withheld the requested records from Plaintiff.

## **REQUEST FOR RELIEF**

WHEREFORE, PWC respectfully requests that this Court:

A. order defendants to disclose the requested records in their entirety and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

D. grant such other relief as the Court may deem just and proper.

DATED: August 16, 2007

Respectfully submitted,

_____
Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Ave. Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING COMPANY K.S.C.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Public Warehousing Company K.S.C.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __999999__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Defense Supply Center Philadelphia,
The Defense Logistics Agency, and
The Department of Defense

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael R. Charness
Vinson & Elkins, L.L.P.
1455 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004
202-639-6780

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ● I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 552; Plaintiff seeks injunctive relief and the disclosure and release of agency records improperly withheld by defendants under FOIA

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE August 16, 2007   SIGNATURE OF ATTORNEY OF RECORD  *Michael A. Kadness By Permission CCD*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.