IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., <br><br> v. <br><br> DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | ) ) ) ) ) ) ) ) ) ) )     Civil Action No. 07-01476 (RBW) |

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES**

      Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rules 7(h) and LCvR 56.1 of the Rules of the United States District Court for the District of Columbia, Plaintiff respectfully submits this Statement of Genuine Issues in response to Defendants' Statement of Material Facts Not in Genuine Dispute ("Defendants' Statement"). Additionally, Plaintiff has submitted a Statement of Material Facts Not in Dispute as part of its Combined Motion for Summary Judgment and *In Camera* Review, which was filed concurrently with this Statement.

      Plaintiff has cited to exhibits attached to its Memorandum of Points and Authorities in support of its Combined Motion.

      Responding specifically to the numbered paragraphs of Defendants' Statement and using Defendants' paragraph numbering, Plaintiff responds to the following specific assertions in Defendants' Statement.

2.     Defendants assert that no price negotiation memorandum ("PNM") was created for Defense Supply Center Philadelphia Contract No. SPM300-05-D-3119. Plaintiff has no knowledge of whether a PNM was created for this contract.

1

3.     Plaintiff disputes Defendants' characterization of the PNM as "a document containing analysis factors relevant to proposed contract pricing, including negotiation goals and potential contractor risk assessments (based on proprietary and confidential business information submitted by all potential offerors), used by the Contracting Officer and agency as a basis for price negotiations and acquisition strategy setting." This is not an accurate description of the PNM. Rather, the PNM is a record that documents the negotiated price agreement between the agency and the contractor. 48 C.F.R. § 15.406-3(a) at Exhibit D; Affidavit of Gary Rivers, ¶ 4 at Exhibit G. One of the main purposes of the PNM is to document the fairness and reasonableness of the agreed-upon prices. 48 C.F.R. § 15.406-3(a)(11); Defense Logistics Acquisition Directive § 15.406-3(a) at Exhibit F; Defense Contract Management Agency ("DCMA") Guidebook, Pricing & Negotiation § 3.2.8.1 at Exhibit E; Rivers Aff. ¶ 5. The PNM is written after the negotiation process is complete. DCMA Guidebook, Pricing & Negotiation § 3.2.8.1; Rivers Aff. ¶ 4. Thus, it cannot be "used . . . as a basis for price negotiations and acquisition strategy setting." Defs.' Stmt. ¶ 3. The PNM does not contain evaluative comparisons of other offerors' technical proposals or a tradeoff analysis; these are contained in other agency documents. Rivers Aff. ¶¶ 9, 10. Finally, the PNM does not contain information submitted by "all potential offerors." Defs.' Stmt ¶ 3. Rather, it includes only information from those offerors found to be within the acquisition's competitive range. Rivers Aff. ¶¶ 4, 5, 6. Furthermore, this information is limited to pricing, and does not include other potentially confidential information from other sections of the offerors' proposals. Rivers Aff. ¶ 6. As detailed in the accompanying filings, Plaintiff disputes that the historical pricing information submitted by offerors

within the competitive range is "proprietary and confidential." <u>See</u> Pl.'s Mem. of P. & A. at 10-14.  In general, Defendants' description of the PNM better matches the contents of the Pre-negotiation Briefing Memorandum than the PNM.  Rivers Aff. ¶ 9.

4. Plaintiff does not dispute that the Department of Justice ("DOJ") is conducting an investigation involving PWC.  However, Plaintiff has no knowledge of the involvement of Mr. Coulter and Mr. Graham in the investigation.  To date, the investigation has been carried out primarily by attorneys in the U.S. Attorney's Office for the Northern District of Georgia.  Plaintiff has no knowledge of whether DOJ requested and was given the documents at issue.  Plaintiff does not dispute the remaining information in paragraph 4 of Defendants' Statement.

7. Plaintiff has no knowledge of whether it was the DLA or some other party that determined that Exemption 5 allegedly applies to the requested documents.  Plaintiff notes that Defendants are claiming both Exemption 5 and Exemption 3 for the first time in their Memorandum of Points and Authorities supporting their Motion for Summary Judgment.

Dated: December 5, 2007                    Respectfully submitted,


   /s/ Michael R. Charness

Michael R. Charness (D.C. Bar No. 289322)
Alexander O. Levine (D.C. Bar No. 501924)
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Ave. Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

Attorneys of Record for Public Warehousing Company K.S.C.

3