IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | ) ) ) |
| v. | ) ) Civil Action No. 07-01476 (RBW) ) |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | ) ) ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND**

Plaintiff Public Warehousing Company K.S.C. hereby files its opposition to the Defendants' January 16th Motion to Extend. As the Court is well aware, this case has proceeded at a snail's pace since its inception. This is Defendants' *sixth* motion to extend in this case. The first five extensions granted to Defendants have already resulted in a delay of 95 days.[1] Defendants' delaying tactics have gone on far too long. Plaintiff is entitled to a prompt resolution of its claim, and the pending motion to extend should be denied.

This pattern of delay began before this case was even filed. Defendants repeatedly delayed responding to Plaintiff's initial request under the Freedom of Information Act ("FOIA"). The initial request was made on February 12, 2007. Notwithstanding the 20 day time limit prescribed by the FOIA statute, 5 U.S.C. § 552(a)(6)(A), the Defendants waited nearly two months before issuing a short letter denying the request. Plaintiff then filed an administrative appeal on May 3, 2007. Again notwithstanding the 20 day limit prescribed by the FOIA statute, Defendants waited until July 20, 2007 to deny Plaintiff's appeal.

---

[1] By comparison, Plaintiff has received *one* extension, for five days.

Plaintiff filed this lawsuit on August 17, 2007, and the due date for Defendants' Answer, as required by the FOIA statute, was set at September 17th. *See* 5 U.S.C. § 552(a)(4)(C). Initially, Plaintiff agreed to a three week extension based on the representations of Defendants' counsel that she needed more time to confer with agency counsel. In discussions with Plaintiff's counsel, Defendants' counsel suggested that the extension could result in the release of the requested documents. On October 9th, Plaintiff agreed to another extension, this time for a full month. On November 9th, the day the Answer was due and nine months from the date of the original FOIA request, Defendants requested their third extension of time, this time for 10 additional days. Plaintiff, understandably frustrated by Defendants' stalling, opposed this request in a submission dated November 13, 2007. Nonetheless, the request was granted. Defendants finally filed a motion for summary judgment on November 19, 2007, although they neglected to file the attachments to the motion until November 20th, the day after the deadline.

After Plaintiff filed its cross-motion for summary judgment on December 5th, Defendants promptly requested an extension to the 11-day filing deadline for oppositions. Plaintiff reluctantly consented to the extension after Defendants' counsel cited concerns about having to work over the holidays. The Court agreed to extend the time allotted for filing an opposition until January 4, 2008. However, only 10 days after filing its motion to extend, and 12 days before the new filing deadline, Defendants filed yet *another* request, this time seeking an extension until January 18th. Defendants' attempt to confer with Plaintiff on the motion pursuant to Local Civil Rule 7(m) consisted of a voicemail left on Plaintiff's counsel's office phone on the Saturday preceding the Christmas holiday.

The Court took no action on Defendants' motion by the filing due date of January 4th. Nonetheless, Defendants brazenly ignored the filing due date, assuming that the Court would

grant their motion after-the-fact. Unfortunately, this is in fact what happened, as the Court granted the Defendants' motion on January 7th, extending the filing deadline until January 18th.

Defendants now request yet *another* extension due to a change in personnel at the Department of Justice. This turn of events is truly unbelievable. Defendants have been aware of the need to file an opposition to Plaintiff's motion since December 5, 2007. Plaintiff fails to understand how it is possible that Defendants' former counsel waited until three days before the filing deadline to transfer responsibility over this case to another attorney. Defendants' former counsel had to have known that she was leaving, and that her replacement would need additional time, when she filed her previous motion to extend on December 23, 2007. This highly irresponsible conduct should not be condoned by the Court, and Plaintiff's right to an expeditious resolution of its claim should not be further compromised. Defendants' obvious strategy is to slow this proceeding down as much as possible, and these delay tactics have gone on long enough. As Defendants have been unable to file an opposition to Plaintiff's motion in a reasonable time, this case should be decided on the motions previously filed.

The Court should deny the Defendants' *sixth* request for an extension of time and should take all appropriate action necessary to ensure that Plaintiff's claims are addressed in a timely manner.

                                                Respectfully submitted,

                                                /s/ Michael R. Charness

                                              Michael R. Charness (D.C. Bar No. 289322)
                                              Alexander O. Levine (D.C. Bar No. 501924)
                                              VINSON & ELKINS, L.L.P.
                                              The Willard Office Building
                                              1455 Pennsylvania Ave. Suite 600
                                              Washington, D.C. 20004
                                              Telephone:  (202) 639-6780
                                              Facsimile:  (202) 639-6604

Dated:  January 17, 2008

                                              Attorneys of Record for Public Warehousing Company K.S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC WAREHOUSING COMPANY ) <br> K.S.C., ) <br> ) <br> v. ) <br> ) <br> DEFENSE SUPPLY CENTER ) <br> PHILADELPHIA, THE DEFENSE ) <br> LOGISTICS AGENCY, and THE ) <br> DEPARTMENT OF DEFENSE. ) | Civil Action No. 07-01476 (RBW) |

**<u>ORDER</u>**

Upon consideration of the Plaintiff's Opposition to the Defendants' Motion to Extend, filed on January 17, 2008, it is hereby ordered that the Defendants' Motion to Extend is DENIED.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008

Copy to:  ECF Counsel